UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM BLACK,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | No. CV-09-141-CI<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT<br>AND REMANDING FOR ADDITIONAL<br>PROCEEDINGS PURSUANT TO<br>SENTENCE FOUR 42 U.S.C. §<br>405(g) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 13, 19.) Attorney Rebecca M. Coufal represents Plaintiff; Special Assistant United States Attorney Michael S. Howard represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff William Black (Plaintiff) protectively filed for supplemental security income (SSI) on September 21, 2004, and filed for disability income benefits (DIB) on September 29, 2004. (Tr. 17, 59, 61.) Plaintiff alleged an onset date of July 1, 2003. (Tr. 17,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -1

61.)  Benefits were denied initially and on reconsideration.  (Tr. 44, 47.)  Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Paul L. Gaughen on April 26, 2007.  (Tr. 638-80.)  Plaintiff was represented by counsel and testified at the hearing.  (Tr. 643-70.)  Vocational expert Deborah Lapoint also testified.  (Tr. 670-74.)  The ALJ denied benefits (Tr. 17-26) and the Appeals Council denied review.  (Tr. 6.)  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts and will therefore only be summarized here.

Plaintiff was born on September 7, 1950, (Tr. 643) and was 57 years old at the time of the hearing.  Plaintiff graduated from high school.  (Tr. 646.)  He took a course to become a certified nursing assistant and worked in that field for some time.  (Tr. 646.)  He also has a commercial driver's license and drove trucks and trailers throughout the U.S. and Canada. (Tr. 646.) He also has work experience as a taxi driver, telemarketer and survey worker.  (Tr. 650-52.) He testified that he quit working because of depression.  (Tr. 647.) Plaintiff said he had a pattern of losing jobs to depression when he would not go to work.  (Tr. 648.)  He testified that he does not believe he could be dependable at a job.  (Tr. 664.)  He experiences depression, paranoia, lack of energy, poor self worth, lack of ambition, and he hears voices.  (Tr. 653-54, 658, 662-63.)  He has been diagnosed with depression and bipolar disorder.  (Tr. 656.)  He has a long history of alcohol abuse and dependence and some drug use. (Tr. 106, 169, 179, 476.)  He testified that he had not used alcohol

in two and a half years.[1]  (Tr. 656.)

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  *Weetman v.*

---

[1]The hearing occurred April 24, 2007, so plaintiff's testimony indicates he last used alcohol in October or November 2004.  Other records indicate Plaintiff stated his last alcohol use occurred in February 2005.  (E.g., Tr. 328, 454, 603, 610.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -3

*Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§

423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -5

this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

A finding of "disabled" does not automatically qualify a claimant for disability benefits. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). When there is medical evidence of drug or alcohol addiction, the ALJ must determine whether the drug or alcohol addiction is a material factor contributing to the disability. 20 C.F.R. §§ 404.1535(a), 416.935(a). It is the claimant's burden to prove substance addiction is not a contributing factor material to her disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007).

If drug or alcohol addiction is a material factor contributing to

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -6

the disability, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining limitations would be disabling.  20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since July 1, 2003, the alleged onset date. (Tr. 20.) At step two, he found Plaintiff has the following severe impairments: substance abuse in remission by self-report; affective disorder or bipolar disorder, not otherwise specified; cognitive disorder, not otherwise specified; severe musculoskeletal impairment to the left shoulder with repair surgically to the humeral head. (Tr. 20.) At step three, the ALJ concluded Plaintiff's impairments, including the substance use disorder, meet section 12.09 (via 12.04) of 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 20.)

Because there is medical evidence of substance abuse, the ALJ then conducted the sequential evaluation process without the effects of substance use. The ALJ found that if Plaintiff stopped the substance use, Plaintiff would continue to a severe impairment or combination of impairments. (Tr. 21.) The ALJ further found that if Plaintiff stopped the substance use, Plaintiff would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 21.) Next, the ALJ determined:

> If the claimant stopped the substance use, the claimant would have the residual functional capacity to perform medium work. The claimant can occasionally lift or carry

      about 50 pounds and frequently lift and carry up to 25 pounds. The claimant can stand or walk up to six hours out of an eight-hour workday, with intermittent sitting. The claimant's non-dominant left upper arm can be subject to overuse syndrome due to shoulder injury. He cannot do continuous, vigorous use with his left arm. The claimant needs to be in an alcohol free environment. The claimant should not be required to learn complex or detailed instructions.

(Tr. 228.) At step four, the ALJ found Plaintiff would be able to perform past relevant work, if Plaintiff stopped the substance use. (Tr. 25.) The ALJ then determined that Plaintiff's substance use disorder is a contributing factor material to the determination of disability. (Tr. 26.) Thus, the ALJ concluded Plaintiff has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. (Tr. 26.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff suggests the ALJ erred by: (1) improperly rejecting medical opinions; (2) failing to comply with SSA policy regarding drug and alcohol addiction; (3) failing to make a properly supported credibility finding; (4) substituting his opinion in place of medical evidence; and (5) failing to include all limitations supported by the evidence in the hypothetical to the vocational expert. (Ct. Rec. 14 at 13-24.) Defendant argues the ALJ: (1) properly evaluated Plaintiff's credibility; (2) properly evaluated the medical evidence; (3) reasonably determined Plaintiff's drug and alcohol dependence was a contributing factor material to Plaintiff's disability; (4) posed a proper hypothetical question to the vocational expert. (Ct. Rec. 20 at 3-14.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -8

**DISCUSSION**

**1.  Opinion Evidence**

Plaintiff asserts the ALJ improperly rejected the opinions of two examining psychologists, Dr. Brown and Dr. McRae. (Ct. Rec. 14 at 13-15.)  Dr. Brown saw Plaintiff in August 2004 and March 2005. (Tr. 140, 595.)  In August 2004, Dr. Brown diagnosed major depression, severe, and alcohol dependence in partial remission. (Tr. 145.)  Dr. Brown completed a DSHS psychological/psychiatric evaluation form and assessed three moderate cognitive limitations and four moderate social limitations.  (Tr. 146.)  In March 2005, Dr. Brown diagnosed major depression, severe with psychotic features, and alcohol dependence in full remission.  (Tr. 600.)  Limitations assessed on the DSHS form included one moderate cognitive limitation in the ability to learn new tasks, one marked social limitation in the ability to respond appropriately to the pressures and expectations of the workplace, and three other moderate social limitations.  (Tr. 601.)

Dr. McRae examined Plaintiff on September 1, 2005, and August 1, 2006.  (Tr. 603, 610.)  In September 2005, Dr. McRae diagnosed major depression, recurrent with psychotic features, anxiety disorder not otherwise specified, and alcohol dependence in early full remission. (Tr. 605.)  He completed a DSHS psychological/psychiatric evaluation form and assessed six marked limitations and one moderate limitation. (Tr. 603.)  In August 2006, Dr. McRae made the same diagnoses and completed another DSHS evaluation form.  (Tr. 610-15.)  He assessed four marked limitations and three moderate limitations in various cognitive and social areas.  (Tr. 614.)

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -9

physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

Dr. Brown's and Dr. McRae's opinions are contradicted by the opinion of Dr. Everhart, another examining physician who opined that Plaintiff had fewer limitations. (Tr. 326-37.) Dr. Everhart assessed moderate to marked limitations in the ability to understand, remember and carry out detailed instructions. (Tr. 336.) Thus, the ALJ was required to provide specific, legitimate reasons supported by substantial evidence to properly reject the opinions of Dr. Brown and Dr. McRae.

The ALJ gave little weight to the opinions of Dr. Brown and Dr. McRae for the same three reasons. First, he indicated that a decision by any other governmental agency about whether a claimant is disabled is based on its rules and is not the decision of the Social Security Administration. (Tr. 25.) The ALJ noted that the Social Security

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -10

Administration makes a determination based on social security law. (Tr. 25.)  The ALJ is correct that final responsibility for deciding the issue of disability is reserved to the Commissioner. S.S.R. 96-5p; see 20 C.F.R. §§ 404.1527(e) and 416.927(e).  However, this is not a specific, legitimate reason for rejecting DSHS medical reports. "[O]ur rules provide that adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner." S.S.R. 96-5p.  The regulations require that every medical opinion will be evaluated, regardless of its source.  20 C.F.R. §§ 404.1527(d) and 416.927(d). Furthermore, the purpose for which medical reports are does not provide a legitimate basis for rejecting them. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995).  Lastly, neither Dr. Brown nor Dr. McRae specifically opined that Plaintiff is disabled.  The ALJ's reasoning erroneously disregards the contents and conclusions of Dr. Brown's and Dr. McRae's reports.  Therefore the ALJ's first reason for rejecting the reports is not a specific, legitimate reason supported by substantial evidence.

The second reason given by the ALJ for rejecting the reports of Drs. Brown and McRae is that the DSHS check-box form used by the evaluators does not distinguish between the level of impairment with drug and alcohol abuse and without drug and alcohol abuse. (Tr. 25.) While the ALJ is correct that the DSHS forms do not specifically account for the effects of drug and alcohol use, the doctors' notes and diagnoses convey the information necessary to determine whether alcohol use affects their assessments.   Dr. Brown's August 2004 evaluation notes, "Although clt. has used ETOH on Aug 11th, his primary problem is depression."  (Tr. 145.)  This suggests the limitations

assessed by Dr. Brown likely continue without alcohol abuse. Dr. Brown's 2005 report indicates that Plaintiff's alcohol dependence was in "full remission," suggesting that the limitations exist notwithstanding Plaintiff's past alcohol use. Similarly, Dr. McRae's August 2006 report reflects alcohol dependence in "sustained full remission," suggesting the limitations assessed are based on a period of long-term remission. The ALJ does not cite any evidence indicating that Plaintiff was not in remission other than Plaintiff's history of relapses.[2] (Tr. 24.) There is no evidence in the record, such as the opinion of a medical expert, indicating that the effects of alcohol abuse continue even in sustained full remission. Thus, the fact that DSHS forms do not distinguish between limitations with and without the effects of alcohol use is not a specific, legitimate reason for rejecting the opinions of Drs. Brown and McRae.[3]

The third reason given by the ALJ for rejecting the evaluations of Dr. Brown and Dr. McRae is that the definitions of moderate, marked, and severe used by DSHS differ from the definition contained in the regulations for assessing mental disorders. (Tr. 25.) The ALJ

---

[2] It is noted that a history of relapse does not constitute evidence of relapse during the period of time at issue.

[3] Additionally, the Medical Source Statement of Ability to Do Work-Related Activities (Mental) completed by Dr. Everhart does not distinguish between the level of impairment with drug and alcohol abuse and without drug and alcohol abuse, nor does the Mental Residual Functional Capacity Assessment completed by Dr. Gentile on November 18, 2004. (Tr. 336-37, Tr. 323-25.) However, the ALJ gave both assessments significant weight. (Tr. 24.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -12

Case 2:09-cv-00141-CI   Document 21   Filed 04/27/10

is correct that definitions of the terms rating the severity of various limitations differ,[4] which may reduce the value of DSHS opinions to an ALJ in making a disability determination. In some circumstances, this may be a specific, legitimate reason for assigning less weight to the DSHS medical reports. Here, however, both psychologists provided detailed narrative reports in addition to the DSHS form. Dr. McRae indicated Plaintiff's "memory and concentration problems appear legitimate" and "it seems likely that his depressive and anxiety symptoms would increase under the pressure of work as well as under the pressure of being around other people in the workplace." (Tr. 605.)  Dr. McRae also opined "he would have a good deal of difficulty sustaining, persisting and remembering work tasks and instructions in a work place. In addition, his processing speed, particularly in terms of visual motor information, is quite slow." (Tr. 611.)  These are all limitations that should be considered by the ALJ, regardless of the format in which they are presented.[5]

---

[4] The DSHS form indicates a severe limitations involves the "inability to perform one or more basic work-related activities"; a marked limitation involves "very significant interference with work-related activities"; and a moderate limitation involves "significant interference with work-related activities." (Tr. 197, 279.) Social security regulations indicate a marked limitation is one of such degree "to interfere seriously with your ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. Pt. 404, Subpt. P., App. 1, Listing 12.00(C)(1).

[5] Defendant argues that even if Dr. McRae's opinion was improperly rejected by the ALJ, the error is harmless because Dr. McRae's

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -13

The ALJ did not cite sufficiently specific, legitimate reasons supported by substantial evidence to justify rejection of the opinions of Dr. Brown and Dr. McRae. The reasons cited by ALJ are general and disregard the explanations and conclusions of each report. The ALJ's conclusions with respect to the DSHS opinions are not supported by substantial evidence in the record and, therefore, this was error.

**2.   Credibility**

Plaintiff argues the ALJ provided no reasons for the adverse credibility finding. (Ct. Rec. 14 at 22.) In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 4416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a

---

limitations are accounted for by the RFC limitations. (Ct. Rec. 20 at 9, citing *Stubbs-Danielson v. Astrue*, 539 1169, 1174 (9th Cir. 2008).) Dr. McRae's assessment of Plaintiff's limitations includes more than memory and concentration problems, as his comments also speak to Plaintiff's persistence and pace. (Tr. 611.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -14

claimant's subjective complaints. *Id*. at 346.  The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).  The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition.  *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 599, 601-02 (9th Cir. 1999).  In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."  *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

Plaintiff acknowledges the ALJ concluded Plaintiff was credible as to some of his symptoms, but asserts the ALJ did not give reasons for rejecting Plaintiff's testimony. (Ct. Rec. 14 at 19-22.) The ALJ determined that if Plaintiff stopped substance abuse, Plaintiff's medically determinable impairments could reasonably be expected to

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -15

produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible. (Tr. 23.) Plaintiff is incorrect that the ALJ cited no reasons for rejecting Plaintiff's statements, but nonetheless, the ALJ's reasons supporting the negative credibility finding are inadequate.

The ALJ rejected specific assertions by Plaintiff as not credible. (Tr. 24.) First, the ALJ rejected Plaintiff's reports of paranoia and hallucinations. (Tr. 397-433, 452-56.) The first reason given by the ALJ for rejecting these symptoms is "the claimant is not adept at assessing his own functioning without substance abuse." (Tr. 24.) This statement is not based on any evidence in record and is therefore not a clear and convincing reason for rejecting Plaintiff's statements regarding paranoia and hallucinations. The ALJ also pointed to notes from Hope Partners from late 2005 to February 2007, which show Plaintiff did not report hallucination to his counselor, except for one instance of hallucinations while sleeping. (Tr. 24.) However, during that period, Plaintiff did report hallucinations and paranoia to Hope Partners counselors, as well as to other examining and treating sources. (Tr. 326, 453, 458-63, 554, 557, 563, 603, 610.) Thus, the ALJ justification for rejecting Plaintiff's statements about hallucinations and paranoia is not supported by clear and convincing evidence.

The ALJ also rejected Plaintiff's statement that he has not used alcohol for two and a half years. (Tr. 24.) The only reason given by the ALJ for rejecting Plaintiff's statement regarding last alcohol use is "given the number of relapses the claimant has endured, the undersigned finds the claimant not credible on this issue." (Tr. 24.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -16

Conflicting or inconsistent testimony concerning alcohol use can contribute to an adverse credibility finding. *Robbins. V. Soc. Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006). While there is evidence of past treatment and relapses in the record (Tr. 169), without similar evidence during the period of time at issue, it is not appropriate to assume Plaintiff has relapsed again. The ALJ did not identify any evidence of conflicting reports by Plaintiff, nor any evidence of suspected alcohol use by Plaintiff's medical or mental health providers. The ALJ's statement regarding Plaintiff's alcohol use is based on speculation, not evidence. Therefore, the ALJ did not cite clear and convincing evidence justifying rejection of Plaintiff's statement regarding last alcohol use.

Further evidence that Plaintiff is not credible, the the ALJ cited Plaintiff's activities of daily living during periods of sobriety. (Tr. 23.) Evidence about daily activities is properly considered in making a credibility determination. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, a claimant need not be utterly incapacitated to be eligible for benefits. *Id.* Many activities are not easily transferable to what may be the more grueling environment of the workplace, where it might not be possible to rest or take medication. *Id.* Yet daily activities may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ cited evidence that Plaintiff kept his apartment clean, tidy and stocked with food. (Tr. 23, 211.) He read books, and reported reading two books in two days. (Tr. 213-14.) Plaintiff also described himself as friendly and able to get

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -17

along with others, and participated in social activities such as group picnics and movies with friends. (Tr. 222, 661.) Plaintiff demonstrated good reasoning skills and adequate judgment by shopping around for better prices. (Tr. 667.) The ALJ noted Plaintiff had some motivational problems regarding his volunteer work at the Evergreen Club, but those problems apparently resolved by the hearing when Plaintiff testified he volunteers in the business section and finds it helpful. (Tr. 24, 588-90, 659.) These activities are not necessarily inconsistent with disability, especially a disability due to bipolar disorder or depression. There is evidence that Plaintiff's volunteer work is not consistent with competitive employment, and in fact Plaintiff stopped volunteer work for some period of time. (Tr. 588-90, 659, 673.) Although Plaintiff did testify that he goes to movies with friends and enjoys group activities, he also testified that he stays home or cancels plans when he cannot go out. (Tr. 660-65.) The activities of daily living cited by the ALJ do not, without more, constitute clear and convincing evidence justifying and adverse credibility finding.

The ALJ also pointed out that notes from Hope Partners from late 2005 to February 2007 show Plaintiff took part in social activities and was able to maintain attention and concentration. (Tr. 24, Tr. 506-93.) He consistently attended treatment and was talkative and attentive during meetings. (E.g., Tr. 506, 511, 513, 514, 518, 521, 532, 534.) However, the ALJ did not mention Hope Partners records showing Plaintiff was depressed and did not go out, did not participate in a writing activity due to lack of concentration, had a week-long bout of depression, reported no ambition and trouble sleeping, had thoughts of dying, and was observed to be in a depressed

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -18

1  mood.  (Tr. 515-17, 530, 554, 557, 586.)

2  Based on the foregoing, the ALJ's credibility determination is
3  not supported by the evidence.  Although the ALJ is responsible for
4  resolving ambiguities in the evidence, the ALJ did not do so in a
5  clear and convincing manner.  Thus, the ALJ erred.

**3.   Remedy**

There are two remedies where the ALJ fails to provide adequate reasons for rejecting the opinions of a treating or examining physician.  The general rule, found in the *Lester* line of cases, is that "we credit that opinion as a matter of law."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). Another approach is found in *McAllister v. Sullivan*, 888 F.2d 599 (9th Cir. 1989), which holds a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion.  *See also Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (court has flexibility in crediting testimony if substantial questions remain as to claimant's credibility and other issues). Where evidence has been identified that may be a basis for a finding, but the findings are not articulated, remand is the proper disposition.  *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) (citing *McAllister*); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990).  In this case, the requisite specific and legitimate reasons for disregarding the opinion evidence may exist and remand is therefore the appropriate remedy.  In particular, the testimony of a medical expert may be helpful in interpreting whether the medical opinions reasonably accounted for Plaintiff's drug and alcohol use. Because the medical evidence should be revisited by the ALJ, on remand

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -19

the ALJ should also make a credibility determination supported by the evidence. The court expresses no opinion as to what the outcome on remand will or should be.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error. On remand, the ALJ should reevaluate the psychological opinion evidence and reassess Plaintiff's credibility. A medical expert may be helpful in assessing the opinion evidence and analyzing the effects of drug and alcohol use. The ALJ should also conduct a new sequential evaluation as required after reevaluating the evidence. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **GRANTED.** The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 19)** is **DENIED.**

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED April 27, 2010.

                    S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -20