UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM BLACK, ) | No. CV-09-141-CI |
|         Plaintiff, ) | |
| ) | |
| v. ) | ORDER GRANTING MOTION AND |
| ) | **AMENDING** ORDER GRANTING |
| MICHAEL J. ASTRUE, ) | PLAINTIFF'S MOTION FOR |
| Commissioner of Social ) | SUMMARY JUDGMENT AND |
| Security, ) | REMANDING FOR ADDITIONAL |
| ) | PROCEEDINGS |
|         Defendant. ) | |
| ) | |
| ) | |

BEFORE THE COURT is Defendant's Motion for Reconsideration Pursuant to FED. R. CIV. P. 59(e). (Ct. Rec. 23.)  Attorney Rebecca M. Coufal represents Plaintiff; Special Assistant United States Attorney Michael S. Howard represents Defendant.  After reviewing Defendant's Motion and the record, the court concludes its Order Granting Plaintiff's Motion for Summary Judgment and Remanding for Additional Proceedings Pursuant to Sentence Four 42 U.S.C. § 405(g) (Ct. Rec. 21) should be amended pursuant to FED. R. CIV. P. 60(a).

**BACKGROUND**

Plaintiff William Black (Plaintiff) protectively filed for supplemental security income on September 21, 2004, and filed for disability income benefits on September 29, 2004.  (Tr. 17, 59, 61.)

ORDER GRANTING MOTION AND **AMENDING** ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

1   Benefits were denied initially and on reconsideration.  (Tr. 44, 47.)

2   After a hearing before administrative law judge (ALJ) Paul Gaughen on

3   April 26, 2007, the ALJ denied benefits and the Appeals Council denied

4   review.  (Tr. 6, 17-26, 638-80.)  Plaintiff filed a civil action in

5   district court to obtain judicial review of the agency's decision.

6   (Ct. Rec. 4.)  Plaintiff and Defendant filed cross-Motions for Summary

7   Judgment, and this court entered an Order Granting Plaintiff's Motion

8   for Summary Judgment and Remanding for Additional Proceedings Pursuant

9   to Sentence Four 42 U.S.C. § 405(g) on April 27, 2010 ("Order Granting

10  Plaintiff's Motion for Summary Judgment").   (Ct. Rec. 13, 19, 21.)

11  Defendant timely filed a Motion for Reconsideration Pursuant to FED.

12  R. CIV. P. 59(e) on May 6, 2010.  (Ct. Rec. 24.)

## BASIS FOR REVIEW

14       Under FED. R. CIV. P. 59(e), it is appropriate to alter or amend

15  a  judgment  if  (1)  the  district  court  is  presented  with  newly

16  discovered evidence, (2) the district court committed clear error or

17  made an initial decision that was manifestly unjust, or (3) there was

18  an intervening change in controlling law.  *United Nat. Ins. Co. v.*

19  *Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009), citing

20  *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). While

21  Rule 59(e) permits a district court to reconsider and amend a previous

22  order, the Rule offers an extraordinary remedy, to be used sparingly

23  in the interests of finality and conservation of judicial resources.

24  *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003).  The history

25  of Rule 59(e) shows that "alter or amend" means a substantive change

26  of mind by the court.  *Miller v. Transamerican Press, Inc.*, 709 F.2d

27  524, 527 (9th Cir. 1983).

28       FED. R. CIV. P. 60(a) provides the court may correct a clerical

ORDER GRANTING MOTION AND **AMENDING** ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT – 2

mistake or a mistake arising from oversight or omission.  In deciding whether FED. R. CIV. P. 60(a) applies, the focus is on what the court originally intended to do.  *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987).  A judge may use Rule 60(a) "to make an order reflect the actual intentions of the court, plus necessary implications." *Jones & Guerrero Co. V. Sealift Pacific*, 650 F.2d 1072, 1074 (9th Cir. 1981).  Errors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record.  *In re Jee*, 799 F.2d 532, 535 99th Cir. 1986).  The basic distinction between clerical mistakes and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of "blunders in execution" and the latter consist of instances where the court changes its mind because of a legal or factual mistake in the original determination, or because on second thought it has decided to exercise its discretion in a different manner than in the original determination.  *Blanton*, 813 F.2d at 1577.

Although Defendant's Motion is a Rule 59(e) motion, "nomenclature is not controlling."  *Sea Ranch Ass'n v. California Coast Zone Conversation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976).  The court will construe the Motion, however styled, to be the type proper for the relief requested.  *Miller*, 709 F.2d at 528.  A Rule 59(e) motion may be construed as a Rule 60(a) motion when appropriate. *See id.;* *Huey v. Teledyne, Inc.*, 608 F.2d 1234, 1237 (9th Cir. 1979), *cert. denied*, 458 U.S. 1106 (1982).

**ISSUE**

Defendant argues the court should amend or alter its judgment because the court committed legal error by applying the "clear and convincing" standard to the ALJ's credibility determination.

ORDER GRANTING MOTION AND **AMENDING** ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 3

**DISCUSSION**

The court has reviewed the pending Motion, briefing and reviewed the evidence of record.  The ALJ concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely credible.  (Tr. 23.)  Plaintiff's Memorandum in Support of Motion for Summary Judgment challenged the ALJ's credibility finding.  (Ct. Rec. 14 at 22.)  Defendant argued the reasons cited by the ALJ in support of the credibility finding were legally sufficient.  (Ct. Rec. 20 at 3-6.)

The court set forth the standard of review in its Order Granting Plaintiff's Motion for Summary Judgment.  (Ct. Rec. 21 at 3-4, 14-15.) In reviewing the ALJ's denial of disability benefits, the court reviews the ALJ's findings to ensure the ALJ applied the correct legal standards and the entire record is reviewed to insure that the findings are supported by substantial evidence.  *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990); *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).   The ALJ's decision must be upheld when the determination is not based on legal error and is supported by substantial evidence.  *See Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).   For a negative credibility finding, the reasons given by the ALJ must be "clear and convincing" in the absence of affirmative evidence of malingering.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 504 F.3d 1044, 1050 (9th Cir. 2001); *Morgan v. Apfel*, 169 F.3d 599, 601-02 (9th Cir. 1999).   The court determined the reasons cited by the ALJ in support of the negative credibility finding are inadequate and directed the ALJ to reconsider the

ORDER GRANTING MOTION AND **AMENDING** ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4

1  credibility evidence on remand.[1]  (Ct. Rec. 21 at 16.)

2       However, in reviewing the ALJ's decision and the evidence

3  supporting determination, the court utilized the phrase "clear and

4  convincing evidence" when the intention was to reference "clear and

5  convincing reasons supported by substantial evidence." (Ct. Rec. 21

6  at 16.)  Also mentioned in the decision was "clear and convincing"

7  evidence when the intention was to reference "substantial" evidence.

8  (Ct. Rec. 21 at 16-19.)  The error in terminology suggests an

9  erroneous application of a "clear and convincing" standard in

10 evaluating the ALJ's credibility finding, although the intention was

11 to apply, and the court did apply, the "substantial evidence"

12 standard.

13      The error was in the nature of a scrivener's error, and not a

14 change in the substantive findings of the court, and as a result, the

15 Order Granting Plaintiff's Motion for Summary Judgment should be

16 amended.

17      **IT IS ORDERED**:

18      1.   Defendant's Rule 59(e) Motion for Reconsideration **(Ct. Rec.**

19 **23)** is construed as a Rule 60(a) Motion to Amend and is **GRANTED.**

20      2.   The Order Granting Summary Judgment, under the "Discussion"

21 section, beginning with **"2. Credibility"** is **AMENDED** to read as

22 follows:

23      **2.   Credibility**
         Plaintiff argues the ALJ provided no reasons for the
24       adverse credibility finding. (Ct. Rec. 14 at 22.) In social
         security proceedings, the claimant must prove the existence

25

26      [1]The court also concluded substantial evidence does not support

27 the ALJ's findings regarding the opinion evidence. (Ct. Rec. 21 at 9-

28 14.)  Defendant does not seek reconsideration on this issue.

ORDER GRANTING MOTION AND **AMENDING** ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT – 5

of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 4416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346. The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 599, 601-02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

Plaintiff acknowledges the ALJ concluded Plaintiff was credible as to some of his symptoms, but asserts the ALJ did not give reasons for rejecting Plaintiff's testimony. (Ct. Rec. 14 at 19-22.) The ALJ determined that if Plaintiff stopped substance abuse, Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible. (Tr. 23.) Plaintiff is incorrect that the ALJ cited no reasons for rejecting Plaintiff's statements, but nonetheless, the ALJ's

ORDER GRANTING MOTION AND **AMENDING** ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 6

1    reasons supporting the negative credibility finding are
     inadequate.
2
         The ALJ rejected specific assertions by Plaintiff as
3    not credible.   (Tr. 24.)   First, the ALJ rejected
     Plaintiff's reports of paranoia and hallucinations.  (Tr.
4    397-433, 452-56.)  The first reason given by the ALJ for
     rejecting these symptoms is "the claimant is not adept at
5    assessing his own functioning without substance abuse."
     (Tr. 24.)  This statement is not based on any evidence in
6    record and is therefore not a clear and convincing reason
     **supported by substantial evidence** for rejecting Plaintiff's
7    statements regarding paranoia and hallucinations.  The ALJ
     also pointed to notes from Hope Partners from late 2005 to
8    February 2007, which show Plaintiff did not report
     hallucination to his counselor, except for one instance of
9    hallucinations while sleeping.  (Tr. 24.)  However, during
     that period, Plaintiff did report hallucinations and
10   paranoia to Hope Partners counselors, as well as to other
     examining and treating sources. (Tr. 326, 453, 458-63, 554,
11   557, 563, 603, 610.)   Thus, the ALJ justification for
     rejecting Plaintiff's statements about hallucinations and
12   paranoia is not supported by **substantial** evidence.

13       The ALJ also rejected Plaintiff's statement that he has
     not used alcohol for two and a half years. (Tr. 24.)  The
14   only reason given by the ALJ for rejecting Plaintiff's
     statement regarding last alcohol use is "given the number of
15   relapses the claimant has endured, the undersigned finds the
     claimant not credible on this issue."   (Tr. 24.)
16   Conflicting or inconsistent testimony concerning alcohol use
     can contribute to an adverse credibility finding. *Robbins.*
17   *V. Soc. Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006).
     While there is evidence of past treatment and relapses in
18   the record (Tr. 169), without similar evidence during the
     period of time at issue, it is not appropriate to assume
19   Plaintiff has relapsed again.  The ALJ did not identify any
     evidence of conflicting reports by Plaintiff, nor any
20   evidence of suspected alcohol use by Plaintiff's medical or
     mental health providers.   The ALJ's statement regarding
21   Plaintiff's alcohol use is based on speculation, not
     evidence.   Therefore, the ALJ did not cite **substantial**
22   evidence justifying rejection of Plaintiff's statement
     regarding last alcohol use.
23
         Further evidence that Plaintiff is not credible, the
24   ALJ cited Plaintiff's activities of daily living during
     periods of sobriety.   (Tr. 23.)   Evidence about daily
25   activities is properly considered in making a credibility
     determination.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.
26   1989).   However, a claimant need not be utterly
     incapacitated to be eligible for benefits.  *Id.*   Many
27   activities are not easily transferable to what may be the
     more grueling environment of the workplace, where it might
28   not be possible to rest or take medication. *Id.* Yet daily

ORDER GRANTING MOTION AND **AMENDING** ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT – 7

activities may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ cited evidence that Plaintiff kept his apartment clean, tidy and stocked with food. (Tr. 23, 211.) He read books, and reported reading two books in two days. (Tr. 213-14.) Plaintiff also described himself as friendly and able to get along with others, and participated in social activities such as group picnics and movies with friends. (Tr. 222, 661.) Plaintiff demonstrated good reasoning skills and adequate judgment by shopping around for better prices. (Tr. 667.) The ALJ noted Plaintiff had some motivational problems regarding his volunteer work at the Evergreen Club, but those problems apparently resolved by the hearing when Plaintiff testified he volunteers in the business section and finds it helpful. (Tr. 24, 588-90, 659.) These activities are not necessarily inconsistent with disability, especially a disability due to bipolar disorder or depression. There is evidence that Plaintiff's volunteer work is not consistent with competitive employment, and in fact Plaintiff stopped volunteer work for some period of time. (Tr. 588-90, 659, 673.) Although Plaintiff did testify that he goes to movies with friends and enjoys group activities, he also testified that he stays home or cancels plans when he cannot go out. (Tr. 660-65.) The activities of daily living cited by the ALJ do not, without more, constitute **substantial** evidence justifying and adverse credibility finding.

The ALJ also pointed out that notes from Hope Partners from late 2005 to February 2007 show Plaintiff took part in social activities and was able to maintain attention and concentration. (Tr. 24, Tr. 506-93.) He consistently attended treatment and was talkative and attentive during meetings. (E.g., Tr. 506, 511, 513, 514, 518, 521, 532, 534.) However, the ALJ did not mention Hope Partners records showing Plaintiff was depressed and did not go out, did not participate in a writing activity due to lack of concentration, had a week-long bout of depression, reported no ambition and trouble sleeping, had thoughts of dying, and was observed to be in a depressed mood. (Tr. 515-17, 530, 554, 557, 586.)

Based on the foregoing, the ALJ's credibility determination is not supported by the evidence. Although the ALJ is responsible for resolving ambiguities in the evidence, the ALJ **did not provide clear and convincing reasons supported by substantial evidence.** Thus, the ALJ erred.

3. The court's Order Granting Plaintiff's Motion for Summary

ORDER GRANTING MOTION AND **AMENDING** ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 8

1  Judgment is not otherwise altered.  Substantial evidence does not

2  support the ALJ's credibility determination for the reasons mentioned

3  in the Order Granting Plaintiff's Motion for Summary Judgment.

4  Accordingly, on remand credibility should be reassessed.

5      DATED July 12, 2010.

6

7                          S/ CYNTHIA IMBROGNO
                    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING MOTION AND **AMENDING** ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT – 9